**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| AMIT JAIPURIA, PRADEEP JAIPURIA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | **CASE NO. 6:11-CV-00066 LED** |
| | § | |
| v. | § | |
| | § | |
| LINKEDIN CORPORATION, et al. | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**DEFENDANTS LINKEDIN CORPORATION'S AND HOOVER'S, INC.'S MOTION TO DISMISS PLAINTIFFS' CLAIMS OF INFRINGEMENT OR, IN THE ALTERNATIVE, TO PRECLUDE CERTAIN EXPERT TESTIMONY**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1

II. BACKGROUND .......... 3

III. DISCUSSION .......... 7

A. Plainttiffs' Claims Should Be Dismissed in Their Entirety .......... 7

1. A District Court May Dismiss Claims for Failure to Comply with a Court Order or the Local Patent Rules .......... 7

2. Plaintiffs Failed to Comply with the Court's Order .......... 9

B. In the Alternative, Plaintiffs Should Be Precluded from Relying on Material Not Identified in Plaintiffs' Infringement Contentions .......... 11

IV. CONCLUSION .......... 11

# TABLE OF AUTHORITIES


**Page(s)**

**CASES**

*Am. Video Graphics, L.P. v. Elecs. Arts, Inc.*,
359 F. Supp. 2d 558 (E.D. Tex. 2005) .......... 9, 10

*Anascape, Ltd. v. Microsoft Corp.*,
Civ. A. No. 9:06-CV-158, 2008 WL 7180756 (E.D. Tex. May 1, 2008) .......... 9

*Atmel Corp. v. Info. Storage Devices, Inc.*,
No. C95-1987 FMS, 1998 WL 775115 (N.D. Cal. Nov. 5, 1998) .......... 8

*Computer Acceleration Corp. v. Microsoft Corp.*,
503 F. Supp. 2d 819 (E.D. Tex. 2007) .......... 7

*Genentech, Inc. v. Amgen, Inc.*,
289 F.3d 761 (Fed. Cir. 2002) .......... 7

*Genentech, Inc. v. Trs. of Univ. of Pa.*,
No. 10-cv-2037, ECF No. 63 (N.D. Cal. Dec. 13, 2010) .......... 8

*Global Sessions LP v. Travelocity.com LP*,
No. 6:10cv671, 2012 WL 1903903 (E.D. Tex. May 25, 2012 .......... 3, 9

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
467 F.3d 1355 (Fed. Cir. 2006) .......... 7, 9, 11

*Realtime Data, LLC v. Packeteer, Inc.*,
No. 6:08cv144, 2009 WL 2590101 (E.D. Tex. Aug. 18, 2009) .......... 8

*Vasudevan Software, Inc. v. Int'l Bus. Machs. Corp.*,
No. C09—05897 RS (HRL), 2011 WL 940263 (N.D. Cal. Feb. 18, 2011) .......... 8

*Voxpath RS, LLC v. LG Elecs. U.S.A., Inc.*,
Civ. A. No. 2:12-cv-952, 2012 WL 5818143 (D.N.J. Nov. 14, 2012) .......... 10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 11 .......... 10

Fed. R. Civ. P. 16(f) .......... 1, 7, 9

Fed. R. Civ. P. 37 .......... 1, 7, 9

Defendants LinkedIn Corporation and Hoover's, Inc. (collectively "Defendants"[1]) respectfully move to dismiss the claims of plaintiffs Amit Jaipuria's and Pradeep Jaipuria's (collectively "Plaintiffs") with respect to the accused LinkedIn functionalities, pursuant to Federal Rules of Civil Procedure 16(f) and 37(b)(2)(B), Patent Local Rule 3-1, and this Court's Order of March 27, 2013 (ECF No. 139 ("Order")). Defendants in the alternative move for an order precluding Plaintiffs from presenting evidence supporting their infringement claims (including in the form of expert testimony) that relies on evidence not properly and timely disclosed in their court-ordered supplemental infringement contentions, as explained in more detail below.

## I. Introduction

Plaintiffs have violated this Court's order of March 27, 2013, which directed Plaintiffs "to supplement their infringement contentions, outlining how each accused instrumentality meets the disputed claim elements, 'multibridge linking code' and 'a key to represent all the multibridge linking codes that have been assigned during the search.'" (Order at 4.) Despite filing this case more than two years ago and having access to LinkedIn's source code for more than a year, Plaintiffs have still not articulated how Defendants' products allegedly satisfy the critical "multibridge linking code" limitation required by every asserted claim. Plaintiffs' court-ordered amended contentions served on April 12 do not point to anything that identifies the alleged "multibridge linking code" in Defendants' accused products.

Rather than provide the information required by the Order, Plaintiffs' amended contentions seek to confuse specificity with bulk. For example, Plaintiffs copied and pasted

[1] Defendant WhoDoYouKnowAt, LLC is not a party to this motion.

excerpts from one cell of their claim chart to another, repeating the same uninformative language the Court has already found inadequate. Plaintiffs also added screenshots of LinkedIn functionality accompanied by the vague assertion that this functionality somehow "reflects and involves" the existence of a multibridge linking code. But no such code is ever identified.

During the meet and confer that preceded this motion, Plaintiffs' only response was that Defendants should not hold them to the Court's Order because expert reports were just around the corner, and Defendants would have them before this motion could be heard. But the Court was clear that Plaintiffs needed to articulate their theories before the close of discovery, which they refused to do, in violation of the Court's Order, leaving Defendants as confused regarding the substance of this case as they have been since the case started. Accordingly, dismissal of Plaintiffs' claims is warranted.

In the alternative, Plaintiffs should be precluded from presenting evidence, including expert testimony, regarding the "multibridge linking code" that was not identified in the court-ordered amended contentions. Infringement contentions are designed to provide defendants with sufficient notice of a plaintiff's infringement theories to allow defendants to adequately prepare their defense. Plaintiffs were thus required to provide compliant infringement contentions in November of 2011—before discovery had even commenced. Yet, with the close of discovery fast approaching, Plaintiffs have still failed to meet this basic obligation they were required to satisfy over a year and a half ago. Defendants would be unfairly prejudiced if Plaintiffs were permitted to identify, for the first time in their expert reports, the theories most crucial to this central claim limitation. Preclusion of any such testimony is therefore warranted.

## II. Background

Plaintiffs served their initial infringement contentions on Defendants on November 23, 2011. (Weinstein Decl.[2] Ex. A, Pls.' Init. Infr. Cont.) After careful review, Defendants sent Plaintiffs a letter detailing the deficiencies in these contentions. (Weinstein Decl. Ex. B, Dec. 12, 2011 Letter.) Counsel for each party then held a lengthy meet-and-confer, during which Plaintiffs repeatedly promised to supplement their infringement contentions, only to ultimately renege on their agreement. (*See* Defs.' Motion to Strike Infr. Cont., ECF No. 86 at 3–5.) Defendants then filed their Motion to Strike Plaintiffs' Infringement Contentions on July 11, 2012. (*See generally id.*)

On March 27, 2013, the Court issued the Order in which it required Plaintiffs to supplement their infringement contentions. The Court explained that, "[w]hile Plaintiffs do not need to prove their infringement case in their contentions, Plaintiffs 'may not rely on vague, conclusory language or simply mimic the language of the claims.'" (Order at 3–4 (quoting *Global Sessions LP v. Travelocity.com LP*, No. 6:10cv671, 2012 WL 1903903, at *2 (E.D. Tex. May 25, 2012)).) Most importantly, the Court noted that, "[w]ith respect to 'multibridge linking code', Plaintiffs merely allege Defendants' products meet the claim limitation, without actually attempting to explain how the accused products satisfy the asserted claim elements." (Order at 3.) Plaintiffs were therefore ordered to "outlin[e] how each accused instrumentality meets the disputed claim elements." (*Id.* at 4.) On April 12, 2013, Plaintiffs served their court-ordered amended infringement contentions. (Weinstein Decl. Exs. C-1–C-6, Pls.' Amend. Infr. Cont.,

---

[2] Declaration of Mark R. Weinstein in Support of Defendants LinkedIn Corporation's and Hoover's Inc.'s Motion to Dismiss Plaintiffs' Claims of Infringement or, in the Alternative, to Preclude Certain Expert Testimony ("Weinstein Decl."), being filed concurrently herewith.

Exs. 1–2, 5–8.)

Plaintiffs' amended contentions do not provide the information required by the Order. Plaintiffs' initial contentions provided the following allegation regarding the "multibridge linking code":

> LinkedIn assigns a multibridge linking code to each entity found during the search as reflected in the excerpt from the LinkedIn help file (help.linkedin.com) above. This is further reflected in the excerpt from www.linkedin.com depicted beside the claim element immediately following.[3]

(Weinstein Decl. Ex. A-1, Pls.' Init. Infr. Cont., Ex. 1 at 15 ('202 patent claim chart for LinkedIn functionality); *see also* Weinstein Decl. Exs. A-2 ('383 patent claim chart for LinkedIn functionality), A-5 ('202 patent claim chart for Hoover's/LinkedIn integration functionality), A-6 ('383 patent claim chart for Hoover's/LinkedIn integration functionality).) In an attempt to convey a sense of bulk but provide no additional information, Plaintiffs have merely copied-and-pasted the "excerpt from the LinkedIn help file (help.linkedin.com) above" and the "excerpt from www.linkedin.com depicted" from the next element, into the cell for the "multibridge linking code" in the claim chart. (Weinstein Decl. Ex. C-1, Pls.' Amend. Infr. Cont., Ex. 1 at 15–16 ('202 patent claim chart for LinkedIn functionality); *see also* Weinstein Decl. Exs. C-2 (amended '383 patent claim chart for LinkedIn functionality), C-3 (amended '202 patent claim chart for Hoover's/LinkedIn integration functionality), C-4 (amended '383 patent claim chart for Hoover's/LinkedIn integration functionality).) Because those excerpts did not identify the "multibridge linking code" before, simply moving them to a different position does not suffice now.

[3] Defendants address herein only the contentions regarding the LinkedIn functionality and the Hoover's/LinkedIn integration functionality.

The amended contentions continue by showing screenshots depicting user-facing features of LinkedIn. (*See, e.g.*, Weinstein Decl. Ex. C-1, Pls.' Amend. Infr. Cont., Ex. 1 at 16–18 ('202 patent claim chart for LinkedIn functionality).) None of these screenshots are accompanied by any annotations, labels, or explanations, and no attempt is made to show existence of a multibridge linking code in any of them. Plaintiff instead relies on the following assertion after the screenshots:

> That LinkedIn uses a multibridge linking code, and assigns one to an entity, is ***reflected*** in the fact that LinkedIn employs functionality to find the shortest route between two IDs, via get routes functionality, and to identify the possible routes between two users, via get possible routes functionality, and to identify possible routes between two users with interim identities of an intermediary, via Get Possible Routes With Intermediary functionality. ***This functionality reflects and involves the use of a multibridge linking code***. LinkedIn further employs functionality to identify the distances between two user identities, including the shortest distance available, via Get Distances functionality, and identifies the degree of separation and common connections between two user identities via Get Network and Get Common Connection functionality. ***This functionality also involves and reflects the use of a multibridge linking code***. LinkedIn uses numerous additional functions related to the multibridge linking code, including but not limited to Get Route functionality to identify a route between an identified member and the destination, with the first link being the first intermediary.

(*Id.* at 18 (emphasis added); *see also* Weinstein Decl. Exs. C-2 (amended '383 patent claim chart for LinkedIn functionality), C-3 (amended '202 patent claim chart for Hoover's/LinkedIn integration functionality), C-4 (amended '383 patent claim chart for Hoover's/LinkedIn integration functionality).) Plaintiffs' contentions then state that "[s]creen shots from the LinkedIn system are replete with examples of this functionality," followed by four pages of screenshots depicting user-facing functionality that do not identify any linking code. (Weinstein Decl. Ex. C-1, Pls.' Amend. Infr. Cont., Ex. 1 at 18.)

As shown above, Plaintiffs deliberately avoided any identification of the "multibridge

linking code" with vague assertions that certain alleged "functionality" of LinkedIn somehow "***involves***" *or* "***reflects***" use of such a code. (*See generally, e.g.*, *id.*) The amended contentions make no attempt to identify, with any degree of specificity, any alleged "multibridge linking code" in LinkedIn's systems. Plaintiffs may have added more text to their contentions, but their amended contentions are in substance no different from their initial ones—they simply allege that the multibridge linking code exists, somewhere, in LinkedIn's accused systems.

Plaintiffs' deliberate avoidance is particularly inexcusable considering the late stage of this litigation. Plaintiffs filed suit in February 2011 and have had access to LinkedIn's source code since January 2012. Plaintiffs' failure to identify the "multibridge linking code" so close to the end of discovery reflects one of two possibilities: (1) Plaintiffs cannot find it; or (2) Plaintiffs are withholding its identification. Either alternative warrants dismissal, as explained below.

On April 22, 2013, Defendants notified Plaintiffs that their amended infringement contentions fail to comply with the Court's March 27 Order. (Weinstein Decl. Ex. D, April 22, 2013 E-mail.) Specifically, Defendants stated that "Plaintiffs remain unable to identify what they contend is the 'multibridge linking code' in LinkedIn or Hoover's accused systems" and that, because this limitation is "an essential element in every asserted claim," Plaintiffs "have no reasonable basis to continue with their infringement claims." (*Id.*)

On April 25, 2013, in a telephonic conversation between the parties, Defendants' counsel attempted to confer in good faith with counsel for Plaintiffs in an effort to resolve this dispute without the Court's intervention. Defendants gave Plaintiffs numerous opportunities to provide any information regarding what they believe to be the multibridge linking code in Defendants' systems. Plaintiffs' counsel was unable to do so. She first explained that she did not have her

clients' amended contentions in front of her. Counsel then claimed that, as a non-expert, it would be "inappropriate" to attempt to explain how Defendants' systems infringe. Finally, counsel asserted that Defendants would soon have Plaintiffs' expert reports, followed by an opportunity to depose Plaintiffs' expert on this subject. Counsel for Plaintiffs then disappointingly, and unilaterally, declared an impasse.

## III. DISCUSSION

### A. Plainttiffs' Claims Should Be Dismissed in Their Entirety

#### 1. A District Court May Dismiss Claims for Failure to Comply with a Court Order or the Local Patent Rules

It is well settled that a district court may bar a plaintiff from proceeding on claims or theories that it has not set forth in a manner required by the local rules. *Genentech, Inc. v. Amgen, Inc.*, 289 F.3d 761, 774 (Fed. Cir. 2002); *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1362-63 (Fed. Cir. 2006). As the Federal Circuit stated in *O2 Micro*:

> The local patent rules do not specify the actions that the district court may or must take if there is non-compliance with the requirements for disclosure of contentions. However, the rules are essentially a series of case management orders, and the deadlines for submission of contentions in this case were explicitly included in a supplemental case management order. The court may impose any "just" sanction for the failure to obey a scheduling order, including "refusing to allow the disobedient party to support or oppose designating claims or defenses, or prohibiting that party from introducing designated matters in evidence."

*Id*. at 1363 (quoting Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b)(2)(B)). The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007) (internal quotations and citation omitted). "The rules are designed to require parties to crystallize their theories of the case early in the

litigation and to adhere to those theories once they have been disclosed." *Atmel Corp. v. Info. Storage Devices, Inc.*, No. C95-1987 FMS, 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998).

Thus, in order to provide notice of their infringement theories, Local Patent Rule 3-1 requires a party asserting claims of infringement to serve infringement contentions on each defending party. P.R. 3-1. The rule requires parties asserting infringement to provide each defending party "[a] chart identifying ***specifically where each element*** of each asserted claim ***is found*** within each Accused Instrumentality." P.R. 3-1(c) (emphasis added). Although infringement contentions "need not meet the level of detail required, for example, on a motion for summary judgment on the issue of infringement," they "must be reasonably precise and detailed . . . to provide a defendant with adequate notice of the plaintiff's theories of infringement." (Order at 2 (quoting *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08cv144, 2009 WL 2590101, at *5 (E.D. Tex. Aug. 18, 2009)).)

Furthermore, where the accused instrumentalities involve software based on source code, "the authority is clear that a plaintiff should provide citations once a plaintiff has had a sufficient opportunity to review the source code, at least with respect to contentions that are or may be based on it." *Vasudevan Software, Inc. v. Int'l Bus. Machs. Corp.*, No. C09—05897 RS (HRL), 2011 WL 940263, at *7 (N.D. Cal. Feb. 18, 2011) (citations omitted); *see also Genentech, Inc. v. Trs. of Univ. of Pa.*, No. 10-cv-2037, ECF No. 63, at *4 (N.D. Cal. Dec. 13, 2010)[4] ("Where the Accused Instrumentality includes computer software based upon source code made available to the patentee, patentees must provide 'pinpoint citations' to the code identifying the location of each limitation." (citations omitted)).

---

[4] A copy of the *Genentech* order is attached as Exhibit E to the Weinstein Decl.

Where a party fails to comply with a pretrial order, a court may impose any sanction authorized by Fed. R. Civ. P. 37(b)(2)(A)(ii)–(vii). *See* Fed. R. Civ. P. 16(f); *O2 Micro*, 467 F.3d at 1363. Among these sanctions specifically authorized is the court's discretion to issue an order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

**2. Plaintiffs Failed to Comply with the Court's Order**

Plaintiffs' amended infringement contentions comply neither with Local Patent Rule 3-1, nor with the Court's March 27 Order. Critically, Plaintiffs have failed to specifically identify a "multibridge linking code" in Defendants' systems, as the Court ordered Plaintiffs to do. Indeed, Plaintiffs' infringement contentions lack any specificity regarding this critical element that permeates all of the claims. Rather, Plaintiffs have again parroted the language, added generic and unlabeled screenshots, and merely repeated the already rejected language included in their initial contentions. Tellingly, the main element the parties have been battling over is the claimed "multibridge linking ***code.***" But the amended contentions do not contain even a single reference to *any* code, despite Plaintiffs' having Defendants' source code at their disposal for fifteen months. *See Am. Video Graphics, L.P. v. Elecs. Arts, Inc.*, 359 F. Supp. 2d 558, 561 (E.D. Tex. 2005) (ordering plaintiff to supplement its 3-1(c) charts with specific references to source code).

Plaintiffs' attempt to rely on generic and conclusory statements about what Defendants' systems allegedly "reflect and involve" does not comply with the Court's Order—in fact, it confirms that the Order has been violated. (*See* Order at 3–4 ("While Plaintiffs do not need to prove their infringement case in their contentions, Plaintiffs 'may not rely on vague, conclusory language or simply mimic the language of the claims.'" (quoting *Global Sessions LP*, 2012 WL 1903903, at *2)).) *Cf. Anascape, Ltd. v. Microsoft Corp.*, Civ. A. No. 9:06-CV-158, 2008 WL

7180756, at *4 (E.D. Tex. May 1, 2008) ("The local patent rules do not allow a defendant to throw a generic term into its invalidity contentions and use it to encompass several prior art references."). The Rules require more—they require an accuser to provide a specific identification of the features that allegedly satisfy the claim elements.[5] *See Voxpath RS, LLC v. LG Elecs. U.S.A., Inc.*, Civ. A. No. 2:12-cv-952 (DMC-MF), 2012 WL 5818143, at *7 (D.N.J. Nov. 14, 2012) ("The Local Patent Rules require more than just a belief on the part of the plaintiff that infringement has occurred . . . .").

Plaintiffs have had ample opportunity to study the LinkedIn source code, investigate these threshold issues, and provide compliant infringement contentions. That Plaintiffs remain unable to do so confirms that they themselves do not understand how—or, indeed, *whether*—Defendants' systems employ a "multibridge linking code." Plaintiffs are not justified in ignoring the Court's Order and seemingly asking Defendants to wait for expert reports that may similarly fail to identify a multibridge linking code. Defendants should not be burdened by defending questionable claims of infringement when Plaintiffs have repeatedly failed in their obligation to show a proper basis for making such claims. Accordingly, Defendants respectfully request that the Court dismiss Plaintiffs' claims of infringement with prejudice.

[5] In fact, Plaintiffs were required by Federal Rule of Civil Procedure 11 to undertake a proper investigation before filing this suit, as well as before serving their infringement contentions. *See* Fed. R. Civ. P. 11(b)(3). The history of Plaintiffs' prosecution of this action, however, indicates that they have brought and maintained claims for which they had no colorable factual basis at all. This case has been pending for more than two years and Plaintiffs have now twice failed to provide even the minimum amount of information relating to whether Defendants' systems employ a "multibridge linking code." *See Am. Video Graphics*, 359 F. Supp. 2d at 560 ("The Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun.").

### B. In the Alternative, Plaintiffs Should Be Precluded from Relying on Material Not Identified in Plaintiffs' Infringement Contentions

Plaintiffs cannot be permitted to sit idly by waiting for discovery to close before presenting their theory of infringement. Allowing such conduct flaunts the Order and undermines the fact that Local Patent Rules are "designed specifically to 'require parties to crystallize their theories of the case early in the litigation.'" *O2 Micro Int'l*, 467 F.3d at 1364. Defendants therefore request, in the alternative, that the Court preclude Plaintiffs from introducing any evidence of infringement at trial (including in the form of expert testimony) regarding the "multibridge linking code" that was not disclosed in Plaintiffs' court-ordered amended contentions. Plaintiffs should not be permitted to identify the alleged "multibridge linking code" for the first time in expert reports, as Plaintiffs' counsel suggested it might do.

## IV. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court dismiss Plaintiffs' claims in their entirety. In the alternative, Defendants request that the Court preclude Plaintiffs from introducing any evidence of infringement at trial (including in the form of expert testimony) regarding the identification of a "multibridge linking code" that was not disclosed in Plaintiffs' court-ordered amended contentions.

Dated: April 30, 2013

By: */s/ Mark R. Weinstein*
Mark R. Weinstein

OF COUNSEL:

COOLEY LLP
Michael G. Rhodes
101 California Street
5th Floor
San Francisco, CA 94111-5800

Deron R. Dacus
Texas Bar No. 00790553
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117

(415) 693-2000
(415) 693-2222

Heidi L. Keefe (Ca. Bar No. 178960)
Mark R. Weinstein (Ca. Bar No 193043)
Elizabeth L. Stameshkin (Ca. Bar No. 260865)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Phone: (650) 843-5000
Fax: (650) 857-0663

Fax: (903) 705-1117

*Counsel for Defendant*
*LinkedIn Corporation*

**CERTIFICATE OF CONFERENCE**

The parties have complied with Local Rule CV-7(h). On Thursday, April 25, 2013, Mark Weinstein, counsel for LinkedIn Corporation and Hoover's, Inc. conferred by phone with Lexie White, counsel for Amit and Pradeep Jaipuria, regarding Defendants' position that Plaintiffs' amended infringement contentions remain deficient. Although the conferral was conducted in good faith, no agreement could be reached.

*/s/ Mark Weinstein*
Mark Weinstein

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile, and/or U. S. First Class Mail this 30th day of April, 2013.

*/s/ Mark Weinstein*
Mark Weinstein

1120615 v10/HN